# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

LYNN RAY GRIM,

      Plaintiff,

vs.

LUCY DUNN, EMPLOYERS INSURANCE COMPANY, *et al.*,

      Defendants.

3:10-cv-00193-LRH-RAM

**ORDER**

This is a closed *pro se* prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On November 18, 2010, this Court dismissed the complaint with prejudice for failure to state a claim. (Docket #5). Judgment was entered on November 19, 2010. (Docket #6). On November 29, 2010, plaintiff filed a motion for this Court to reconsider the dismissal of this case.

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994). Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been

reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999). Federal courts have determined that there are four grounds for granting a Rule 59(e) motion: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058 (9th Cir. 2003).

The Court conducted a thorough and complete review of the complaint in the order filed November 18, 2010. (Docket #5). In the complaint, plaintiff brought action against defendants Employers Insurance Company of Nevada and Lucy Dunn because his disability benefits have ceased during his incarceration, pursuant to state law. The Court concluded that, because the defendants are not state actors, this precludes a § 1983 action against them for violation of plaintiff's constitutional rights. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *see also Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003). The allegations of the complaint failed to state a claim, and because amendment would have been futile, this Court dismissed the complaint with prejudice.

In the instant motion for reconsideration, plaintiff does not identify any intervening change

1 in controlling law.  Plaintiff has not shown that manifest injustice will result from dismissal of this
2 action.  Plaintiff has not presented newly discovered evidence or previously unavailable evidence.
3 Rather, plaintiff urges the same arguments as he alleged in the complaint.  These arguments and
4 allegations are meritless.  Plaintiff has failed to make an adequate showing under either Rule 59(e)
5 or Rule 60(b) to support his motion for reconsideration.

6 **IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (Docket #7) is
7 **DENIED.**

8 Dated this 10th day of December, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE